UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

NATHANIEL JEFFERS,            )
                              )
            Plaintiff,        )
    vs.                       )       1:10-cv-0419-LJM-JMS
                              )
ANNA MARIE HUMKEY, et al.,    )
                              )
            Defendants.       )

**Entry and Order Directing Dismissal of Action**

Plaintiff Nathaniel Jeffers, an inmate at the Marion County Jail, alleges that the defendants--the Indianapolis Metropolitan Police (Narcotics Division); Marion County Prosecutor's Office; Marion Superior Court #20; John Doe No. 1 (Chief of the Narcotics Division); John Doe No. 2 (Chief of Prosecutor's Superior Court #20 Division), and Steven Eiechholtz, Chief Judge of Marion Superior Court #20--have conspired to violate his constitutional rights by arresting, detaining, and charging him with drug offenses under Indiana law. He seeks money damages, injunctive relief preventing the defendants from continuing their unlawful conduct, and a declaratory judgment that the defendants' conduct violates his First and Fourth Amendment rights and the right of Black males to equal protection and to due process under the Fourteenth Amendment.

**I.**

**A.**

Jeffers is a "prisoner" as defined by 28 U.S.C. § 1915(h). "A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)).

**B.**

Pursuant to § 1915A, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Although the requirements of notice pleading are minimal, when a plaintiff "pleads facts that show his suit is . . . without merit, he has pleaded himself out of court." *Tregenza v. Great American Communications Co.,* 12 F.3d 717, 718 (7th Cir. 1993), *cert. denied,* 511 U.S. 1084 (1994). That is the situation here, shown by consideration of the following factors:

- Jeffers is the defendant in an ongoing criminal prosecution in an Indiana state court.

- The state criminal prosecution was commenced before the filing of the present action.

- "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger v. Harris,* 401 U.S. 37, 45 (1971).

- "The *Younger* abstention doctrine requires federal courts to abstain from enjoining ongoing state proceedings that are (1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden,* 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 436-37 (1982), and *Majors v. Engelbrecht,* 149 F.3d 709, 711 (7th Cir. 1998)).

- In a companion case to *Younger,* the Supreme Court held that "the propriety of declaratory and injunctive relief should be judged by essentially the same standards. In both situations deeply rooted and long-settled principles of equity have narrowly restricted the scope for federal intervention, and ordinarily a declaratory judgment will result in precisely the same interference with and disruption of state proceedings that the longstanding policy limiting injunctions was designed to avoid." *Samuels v. Mackell,* 401 U.S. 66, 73 (1970).

- "Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma,* 401 U.S. 82, 85 (1971).

- There are no allegations of bad faith and no extraordinary circumstances suggested by his allegations.

Although Jeffers doubtless intends that his voice be heard regarding his allegations, the state courts of Indiana provide the forum in which this can occur. *Penzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 15 (1987)("[W]hen a litigant has not attempted to present his federal claims in related state court proceedings, a federal court should assume that the state procedures will afford an adequate remedy.").

## II.

For the reasons explained in Part I.B. of this Entry, Jeffers' complaint fails to state a claim upon which relief can be granted and the dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory. *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002).

Judgment dismissing the action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date:  05/06/2010

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana